## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Nathaniel Hallman, | ) | Cr. No. 3:05-376 |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Movant Nathaniel Hallman's ("Movant") motion to supplement in light of *Miller v. United States,* 735 F.3d 141 (4th Cir. 2013), and motion to amend order with request for a hearing filed pursuant to Fed. R. Civ. P. 59(e). ECF Nos. 193, 194.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Movant was the sole defendant in a three count Superseding Indictment issued on August 2, 2006, charging him with felon in possession of a firearm (Count One); possession with intent to distribute marijuana (Count Two); and possession with intent to distribute five grams or more of cocaine base (Count Three). ECF No. 77. On October 2, 2006, Movant entered a plea of guilty to Count One and Count Three. ECF No. 95. As a result, Count Two was dismissed. On March 29, 2007, Movant was sentenced as a career offender to 188 months in the Bureau of Prisons, which consisted of 120 months as to Count One and 188 months as to Count Three, such terms to run concurrently. ECF No. 112. Judgment was entered on April 3, 2007. ECF No. 112. Movant did not file an appeal. On May 5, 2011, the court, pursuant to the Government's Rule 35(b) motion, reduced Movant's sentence to a term of imprisonment of 151 months, which consisted of 120 months as to Count One and 151 months as to Count Three, such terms to run concurrently. ECF No. 169.

Subsequently, Movant filed a number of motions pursuant to Fed. R. Civ. P. 60(b)(4).  ECF Nos. 171, 172, 173.  The court determined that the motions would be construed as motions to vacate pursuant to 28 U.S.C. § 2255 and instructed Movant to file the motion in the proper form.  ECF No. 174.  Movant filed a proper motion to vacate on January 14, 2013.  ECF No. 178.  The Government filed a motion for summary judgment on January 23, 2013.  ECF No. 182.  Movant filed a reply to the Government's motion for summary judgment, along with a number of motions to amend, appoint counsel, and to proceed in forma pauperis.  ECF Nos. 185-89.  The court considered Movant's motions pursuant to Fed. R. Civ. P. 60(b)(4) as well as Movant's motions to amend the motion to vacate as part of the motion to vacate.  ECF No. 190 at 20-21. In an order dated August 29, 2013, this court denied the motion to vacate, and granted summary judgment in favor of the Government. ECF No. 190.  In relevant part, the court determined that Movant's motion to vacate was untimely because it was not filed within one year of the date on which his judgment of conviction became final.  *See* ECF No. 190 at 10.  Furthermore, the court noted that Movant was unable to cite to a Supreme Court decision recognizing a new right that might render his motion timely.  ECF No. 190 at 11.  In his motion to vacate, Movant cited to *Carachuri-Rosendo v. Holder*, 560 U.S. 563(2010) as a Supreme Court decision recognizing new rights that supported his request for Habeas Relief. However, the court noted that the Fourth Circuit Court of Appeals held that *Carachuri-Rosendo* does not apply retroactively to cases on collateral review.  *United States v. Powell*, 691 F.3d 554 (4th Cir. 2012).  Furthermore, the court determined that even if *Carachuri-Rosendo* did apply retroactively to Movant's case, Movant did not file his motion to vacate within one year of the *Carachuri-Rosendo* decision.

On September 9, 2013, Movant filed a motion to supplement in light of *Miller v. United States*. ECF No. 193. Thereafter, on September 16, 2013, Movant filed a motion to amend judgment and request for hearing pursuant to Fed. R. Civ. P. 59(e). ECF No. 194. The Government has not filed a response.

## II. DISCUSSION

Movant contends that *Miller v. United States*, 735 F.3d 141 (4th Cir. 2013), held that *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), applies retroactively on collateral review. As a result, Movant asserts that this court's previous order of August 29, 2013, denying Movant's motion to vacate and granting summary judgment to the Government, should be amended to reflect *Miller*. Movant contends that if *Simmons* is applied retroactively to his case, his prior state conviction for Third Degree Burglary would not be considered a crime of violence for the purposes of the career offender calculation. As a result, his sentence would be greatly reduced.

When filing a motion to vacate pursuant to 28 U.S.C. § 2255, a defendant has one year from the latest of (1) the date on which a judgment of conviction becomes final; (2) the date on which an impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the defendant was prevented from making a motion by such governmental action; (3) the date on which a right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). The court previously determined that Movant's motion to vacate was untimely by any measure enumerated

in 28 U.S.C. § 2255(f). Movant now relies on *Miller v. United States*, 735 F.3d 141 (4th Cir. 2013), to support his argument that the court should have found his motion to vacate was timely pursuant to 28 U.S.C. § 2255(f)(3). Movant's reliance on *Miller* is mistaken.

In *Miller*, the United States Court of Appeals for the Fourth Circuit recognized that in certain cases, *Simmons* may be retroactively applicable on collateral review. *Miller*, 735 F.3d at 146-47. *Simmons* was an application of *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010). The Fourth Circuit had previously held that the United States Supreme Court's decision in *Carachuri–Rosendo* does not apply retroactively to cases on collateral review. *United States v. Powell*, 691 F.3d 554 (4th Cir. 2012). In *Miller*, the court noted that the "retroactivity of *Simmons* was irrelevant to *Powell* because Powell's § 2255 petition could be sustained only by a retroactive Supreme Court decision." *Miller*, 735 F.3d at 147. In *Miller*, the government waived the statute of limitations which would have barred "Miller's motion as untimely." *Id.* at 143. Here, the Government made no such waiver and explicitly invoked the statute of limitations in its motion for summary judgment. ECF No. 182-1 at 3. Thus, as in *Powell*, the retroactivity of *Simmons* is irrelevant because Movant's § 2255 petition could "be sustained only by a retroactive Supreme Court decision." *Miller*, 735 F.3d at 147. Because the Government did not waive its statute of limitations defense and because *Simmons* is not a United States Supreme Court case, the statute of limitations under § 2255(f)(3) ran from June 14, 2010—the date of the Supreme Court's decision in *Carachuri-Rosendo*. *See, e.g.*, *Anderson v. United States*, 5:05-cr-70–BO, 2013 WL 6504764 (E.D.N.C. Dec. 11, 2013). Movant did not file a motion to vacate until December 19, 2011, which was well beyond a year from the date of the Supreme Court's decision in *Carachuri-Rosendo*. Therefore, on August 29, 2013, this court properly held that Movant's reliance on *Simmons* could not render his motion to vacate timely.

4

Movant also requests an "evidentiary hearing to determine the facts of this case." ECF No. 194 at 3. Pursuant to Rule 8(a) of the Rules Governing § 2255 Proceedings, the court must determine whether to hold an evidentiary hearing only if the petition is not dismissed. Because Movant's petition was previously dismissed as untimely on August 29, 2013, and this court affirms that ruling today, it is not necessary to hold an evidentiary hearing in this matter.

### III. CONCLUSION

Based on the foregoing, Movant's motion to supplement in light of *Miller v. United States*, ECF No. 193, is **DENIED**. Movant's motion to amend and request for hearing pursuant to Fed. R. Civ. P. 59(e), ECF No. 194, is also **DENIED**.

### CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Rose v. Lee*, 252 F.3d 676, 683–84

5

(4th Cir. 2001).  The court concludes that Movant has not made the requisite showing.  Accordingly, the court **DENIES** a certificate of appealability.

      **IT IS SO ORDERED.**

             /s/ Margaret B. Seymour
            Margaret B. Seymour
            Senior United States District Judge

Columbia, South Carolina
July 9, 2015