IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Nathaniel Hallman, | ) | Cr. No. 3:05-376-MBS |
| Movant, | ) | |
| v. | ) | **OPINION AND ORDER** |
| United States of America, | ) | |
| Respondent. | ) | |

This matter is before the court on Movant Nathaniel Hallman's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 206.

## I.  BACKGROUND

On April 6, 2005, a federal grand jury returned a two-count indictment charging Movant with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (Count One); and possession with intent to distribute a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D) (Count Two).[1] ECF No. 1. On August 2, 2006, a federal grand jury returned a three-count superseding indictment that, in addition to the two counts charged in the original indictment, charged intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (Count Three). ECF No. 77.

On October 2, 2006, the court held a plea hearing in accordance with Rule 11 of the Federal Rules of Criminal Procedure. ECF No. 94. At the hearing, Movant pleaded guilty pursuant to a written plea agreement to Counts One and Three of the superseding indictment.

---

[1] The court discussed the background of this matter at length in a previously issued opinion and order, ECF No. 190, and recounts here only the facts that are pertinent to the pending motions.

ECF Nos. 93, 94.[2] On March 29, 2007, the court sentenced Movant. ECF No. 109. On Count One, Movant faced a maximum term of imprisonment of ten years. *See* 18 U.S.C. § 942(a)(2). On Count Three, Movant faced a mandatory minimum term of imprisonment of ten years and a maximum term of imprisonment of life. *See* 21 U.S.C. § 841(b)(1)(B). Movant's guidelines range was 262 to 327 months under the United States Sentencing Guidelines. At sentencing, the Government withdrew its § 851 enhancement based on Movant's prior felony drug conviction, thereby reducing the sentencing guidelines range to 188 to 235 months of imprisonment. ECF Nos. 111, 113. In applying the United States Sentencing Guidelines, the court sentenced Movant as a "Career Offender" pursuant to U.S.S.G. § 4B1.1, based on his prior convictions in South Carolina state court for possession of crack cocaine with intent to distribute and for voluntary manslaughter. ECF No. 111 at 6-7. The court sentenced Movant to a term of imprisonment of 188 months, which consisted of 120 months as to Count One and 188 months as to Count Three, such terms to run concurrently. ECF No. 112. Judgment was entered on April 3, 2007. *Id.* Movant did not file an appeal. On May 5, 2011, the court, pursuant to the Government's Rule 35(b) motion, reduced Movant's sentence to a term of imprisonment of 151 months, which

---

[2] In paragraph eleven of the plea agreement, the Government and Movant stipulated that Movant had one prior felony drug conviction and that the Government had provided Movant with notice of that conviction in an information filed pursuant to 21 U.S.C. § 851. ECF No. 93 at 7. Further, the Government and Movant agreed that such a conviction would subject him to a ten-year statutory mandatory minimum term of imprisonment. *Id.* The Government agreed in paragraph twelve that at sentencing it would withdraw the § 851 enhancement in exchange for Movant's cooperation, which would reduce the statutory mandatory minimum sentence on Count Three to five years. *Id.* at 8. The Government agreed in paragraph sixteen that, if the court reduced Movant's offense level by two levels under U.S.S.G. § 3E1.1(a), for acceptance of responsibility, the Government would move pursuant to § 3E1.1(b), for an additional one-level decrease. *Id.* at 10.

consisted of 120 months as to Count One and 151 months as to Count Three, such terms to run concurrently. ECF No. 169.[3]

On June 22, 2016, the court issued an order appointing the Federal Public Defender to represent Movant with respect to reviewing this action for potential claims arising from *Johnson v. United States*, 576 U.S. ----, 135 S. Ct. 2551 (2015), and, if appropriate, handling matters related to the filing of a *Johnson* motion pursuant to 28 U.S.C. § 2255. ECF No. 203. Movant's attorney entered her appearance in this matter on June 24, 2016. ECF No. 208. Upon authorization from the Court of Appeals for the Fourth Circuit, Movant filed a successive § 2255 motion the same day. ECF No. 206. In the motion, Movant seeks the benefit of *Johnson*, in which the Supreme Court held that the "residual clause" of the Armed Career Criminal Act is unconstitutionally vague. He argues that *Johnson* applies with equal force to the United States Sentencing Guidelines under which he was sentenced, and that his prior conviction for voluntary manslaughter does not qualify as a predicate offense under the "residual clause" of U.S.S.G. § 4B1.2(a)(2). ECF No. 206 at 1. The Government filed a motion for summary judgment on July 25, 2016, ECF Nos. 209, 210, and Movant filed a reply on August 22, 2016, ECF No. 215.

It appears from the Federal Bureau of Prisons website that Movant was subsequently released from custody on February 10, 2017. However, as part of his sentence, Movant is subject to three and four years of supervised release, to run concurrently. ECF Nos. 112, 169; *see* ECF No. 206 at 2. Accordingly, Movant remains in custody for the purpose of his § 2255

---

[3] Subsequently, in January 2013, Movant filed a *pro se* motion pursuant to 28 U.S.C. § 2255, ECF No. 178, and the Government filed a motion for summary judgment, ECF No. 182. The court denied the § 2255 motion as untimely for failure to file within one year of the date on which Movant's judgment of conviction became final, among other reasons, and granted the Government's motion for summary judgment. ECF Nos. 190, 191.

motion. *Maleng v. Cook*, 490 U.S. 488, 491 (1989); *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999).

## II. DISCUSSION

In *Johnson*, the Supreme Court addressed the Armed Career Criminal Act of 1984 (ACCA), which mandates an enhanced sentence for an offender convicted of being a felon in possession of a firearm if the offender has three or more convictions for a serious drug offense or violent felony. Under 18 U.S.C. § 924(e)(2)(B), the term "violent felony" means:

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

In *Johnson*, the Court determined that the language "or otherwise involves conduct that presents a serious potential risk of physical injury to another," known as the residual clause, is unconstitutionally vague.

Movant received an enhanced sentence not under the ACCA, but under the United States Sentencing Guidelines, which define a "crime of violence" as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year that—
>
> (1) has an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. §4B1.2(a). As with the ACCA, the clause beginning with "or otherwise" in this definition is known as the residual clause.

Subsequent to the parties' briefing of the § 2255 motion and motion for summary judgment, the Supreme Court decided *Beckles v. United States*, a case wherein a defendant challenged his Sentencing Guidelines sentence under *Johnson*. 580 U.S. ----, 137 S. Ct. 886, 890 (2017). Specifically, the defendant argued that his conviction for unlawful possession of a firearm fell under the residual clause of § 4B1.2(a)(2), and that the Guidelines' residual clause was unconstitutionally vague under *Johnson*. The Court found, however, that:

> the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

*Beckles*, 137 S. Ct. at 893.

As with the defendant in *Beckles*, Movant was sentenced pursuant to § 4B1.2(a)(2), not the ACCA. Accordingly, the court is constrained to conclude that Movant's § 2255 claim under *Johnson* is without merit.

### III.    CONCLUSION

For these reasons, the Motion to Correct Sentence Under 28 U.S.C. § 2255, ECF No. 206, is **denied and dismissed** as untimely and without merit under *Johnson*. The Motion for Summary Judgment, ECF No. 210, is **granted**.

### CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Rose v.*

*Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that Movant has not made the requisite showing.

    **IT IS SO ORDERED.**

                                                    /s/Margaret B. Seymour_____
                                                  Margaret B. Seymour
                                                  Senior United States District Judge

Columbia, South Carolina
November 27, 2018