IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 3:05-376 |
| vs. ) | |
| ) | |
| Nathaniel Hallman, ) | **ORDER AND OPINION** |
| ) | |
| Defendant. ) | |
| _____) | |

On October 2, 2006, Defendant Nathaniel Hallman pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(1) (Count 1); and possession with intent to distribute 5 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B) (Count 3). Defendant was sentenced on March 29, 2007 to imprisonment for a term of 188 months, consisting of 120 months as to Count 1 and 188 months as to Count 3, to run concurrently, to be followed by a term of supervised release for 4 years, consisting of 3 years as to Count 1 and 4 years as to Count 3, to run concurrently. Judgment was entered on April 3, 2007. An amended judgment was entered on May 5, 2011 pursuant to Fed. R. Crim. P. 35(b) that reduced Defendant's sentence to 151 months, consisting of 120 months as to Count 1 and 151 months as to Count 3, to run concurrently. Defendant was released to supervision on February 10, 2017.

This matter is before the court on motion for expungement filed by Defendant on August 23, 2019. Defendant asserts that he is entitled to have his sentence expunged because the government defaulted on a "unilateral contract." ECF No. 221, 2. By way of background, Defendant lodged a Proof of Claim against the United States Department of Justice; United States Attorney General William Barr; the State of South Carolina; and Henry McMaster, Governor of South Carolina (the

"respondents"), alleging they owed him compensation for the time he spent prison. Specifically, Defendant alleged that the respondents act against his interests, deprived him of his right to property, his right to contract, and the right to the pursuit of happiness and the enjoyment of life. According to Defendant, the respondents, by failing to respond to his Proof of Claim, entered into a contract that stipulated to a settlement of Defendant's claims, as well as binding arbitration. On July 8, 2019, an arbitration award was issued against the respondents in the amount of $6,132,000,000.00 by Sitcomm Arbitration Association.[1]

On October 31, 2019, Defendant, proceeding pro se, filed a petition to confirm the arbitration award pursuant to 9 U.S.C. § 9. Hallman v. U.S. Dep't of Justice, C/A No. 3:19-3089-MBS. United States Magistrate Judge Kevin F. McDonald reviewed the filing pursuant to 28 U.S.C. § 1915. He determined that Defendant sought to enforce an arbitration award that resulted from a unilateral arbitration to which the respondents did not contractually commit or in which the respondents did not participate. The Magistrate Judge found that the arbitration award was not enforceable. On November 20, 2019, the Magistrate Judge issued a Report and Recommendation wherein he recommended that the case be summarily dismissed without prejudice and without issuance and service of process. The court adopted the Report and Recommendation by order filed October 21, 2019.

---

[1] Sitcomm Arbitration Association has been described as "a sham arbitration organization that uses the guise of legitimacy to market itself as an authorized and legitimate arbitration company to attract paying customers and collect fees. After Sitcomm extracts an arbitration 'fee' from these customers, Sitcomm then issues fake exorbitant final arbitration awards against various entities, despite no arbitration hearing having ever been held, no arbitration provision existing that permits the parties to arbitrate their claims, and without proper notice or an opportunity for any party to be heard." PennyMac Loan Servs., LLC v. Sitcomm Arb. Ass'n, Civil Action No. 2:19-cv-193-KS-MTP, 2021 WL 786349, at *1 (S.D. Miss. Mar. 1, 2021) (quoting amended complaint).

As to Defendant's current motion for expungement, the court is without jurisdiction to grant Defendant's motion. No federal statute or regulation generally provides for expungement of a federal offense. <u>United States v. Colon</u>, Criminal No 2:90cr147, 2017 WL 838660, at *2 (E.D. Va. Mar. 3, 2017). Moreover, even if the court possessed the authority to order expungement, Defendant's unenforceable arbitration award would fail to support his demand for relief. Defendant's motion for expungement (ECF No. 221) is **denied**, with prejudice.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour<br>Senior United States District Judge

Columbia, South Carolina

August 25, 2021